JUDGE JONES

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X



ANTHONY MARSHALL and CHANTEL MARSHALL

                Plaintiffs,

    -against-

THE CITY OF NEW YORK, POLICE OFFICER
TIMOTHY MARX, shield # 20771, POLICE
OFFICER JOHN MCGIVNEY, shield # 9877,
SERGEANT AMANJEET SANDHU, shield # 4523,
POLICE OFFICER MICHAEL GOLDEN, shield # 25502,
SERGEANT CHAVON PERKINS, shield # 3423,
POLICE OFFICERS JANE/JOHN DOE(S),

                Defendants.
_____X

**COMPLAINT**

PLAINTIFF DEMANDS
TRIAL BY JURY

MAR 15 2012
U.S.D.C. S.D. N.Y.
CASHIERS

      Plaintiffs CHANTEL MARSHALL and ANTHONY MARSHALL, by their attorney

DAVID A. ZELMAN, ESQ., for their COMPLAINT, alleges upon information and belief, as

follows:

## I. PRELIMINARY STATEMENT

1.    This is a civil rights action in which CHANTEL MARSHALL and ANTHONY

    MARSHALL (hereinafter collectively "Plaintiffs") seek damages to redress the

    deprivation, under color of state law, of rights secured to them under the Fourth, Fifth,

    Sixth, and Fourteenth Amendments of the United States Constitution.  On or about

    September 18, 2010, at approximately 11:50 P.M., at or near the intersection of Barnes

    Avenue and East 214th Street, Bronx, New York, Plaintiffs were falsely arrested with

    excessive force by Defendants, including, but not limited to, POLICE OFFICER

    TIMOTHY MARX, shield # 020771, POLICE OFFICER JOHN MCGIVNEY, shield #

    9877, SERGEANT AMANJEET SANDHU, shield # 4523, POLICE OFFICER

MICHAEL GOLDEN, shield # 25502, SERGEANT CHAVON PERKINS, shield # 3423, POLICE OFFICER TIMOTHY MARX, shield # 020771, POLICE OFFICERS JANE/JOHN DOE(S) (hereinafter "Defendants"). It is alleged that Defendants falsely arrested Plaintiffs with excessive force and maliciously prosecuted them in violation of their constitutional rights. As a result of the violation of his constitutional rights, Plaintiffs suffered physical and mental injuries.

## II. JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1343(3) and (4), which provides for original jurisdiction in this court of all suits brought pursuant to 42 U.S.C. § 1983, and by 28 U.S.C. §1331, which provides jurisdiction over all cases brought pursuant to the Constitution and laws of the United States. This Court has pendant jurisdiction over PLAINTIFF's state law claims.

## III. PARTIES

3. CHANTEL MARSHALL (hereinafter "CHANTEL") at all times relevant hereto resided in Bronx County, New York.

4. ANTHONY MARSHALL (hereinafter "ANTHONY") resided in Bronx County, New York at the time of the incident and currently resides in Kings County, New York.

5. Defendant CITY OF NEW YORK (hereinafter "CITY") is a municipal corporation, incorporated pursuant to the laws of the State of New York, which operates the New York City Police Department (hereinafter "NYPD"), and as such is the public employer of the Defendant officers herein.

6. Defendant POLICE OFFICER TIMOTHY MARX, shield # 20771 (hereinafter "MARX") was an NYPD police officer, and at all times relevant hereto, acted in that

capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. MARX is sued in his official and individual capacity.

7. Defendant POLICE OFFICER JOHN MCGIVNEY, shield # 9877 (hereinafter "MCGIVNEY") was an NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. MCGIVNEY is sued in his official and individual capacity.

8. Defendant SERGEANT AMANJEET SANDHU, shield # 4523 (hereinafter "SANDHU") was an NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. SANDHU is sued in his official and individual capacity.

9. Defendant POLICE OFFICER MICHAEL GOLDEN, shield # 25502 (hereinafter "GOLDEN") was an NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. GOLDEN is sued in his official and individual capacity.

10. Defendant SERGEANT CHAVON PERKINS, shield # 3423 (hereinafter "PERKINS") was an NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of her employment. PERKINS is sued in her official and individual capacity.

11. Defendants POLICE OFFICERS JANE/JOHN DOE(S) (hereinafter "DOE(S)") were NYPD police officers, and at all relevant times hereto, acted in that capacity as agents, servants, and/or employees of Defendant CITY and within the scope of their employment. DOE(S) are sued in their official and individual capacity.

12.     At all relevant times hereto, Defendants were acting under the color of state and local law. Defendants are sued in their individual and official capacities. At all relevant times hereto, Defendant CITY was responsible for making and enforcing the policies of NYPD and was acting under the color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

IV. FACTS

13.     On or about September 18, 2010 at approximately 11:50 p.m., Plaintiffs were lawfully present at the intersection of Barnes Avenue and East 214th Street, Bronx, New York.

14.     CHANTEL was approached by several police officers and asked questions regarding a stabbing that had occurred earlier that evening.

15.     The police officers asked CHANTEL to come to the police precinct to answer more questions regarding the incident.

16.     ANTHONY told CHANTEL and the police officers that she did not have to go to the police precinct.

17.     The police officers then arrested Plaintiffs with excessive force.

18.     Plaintiffs were transported to the 47th precinct and then Central Booking where they were arraigned.

19.     CHANTEL was charged with assault in the second degree (P.L. § 120.05(3)), assault in the third degree (P.L. § 120.00(1)), resisting arrest (P.L. § 205.30) and obstructing governmental administration in the second degree (P.L. § 195.05).

20.     The charges against CHANTEL were dismissed on December 21, 2010.

21.   As a result of the excessive force used by Defendants, CHANTEL was physically injured, including pain to her back.

22.   As a result of the excessive force used by Defendants, ANTHONY was physically injured, including a distal fibula fracture, for which ANTHONY received medical treatment at Lincoln Medical and Mental Health Center.

23.   ANTHONY was charged with assault in the second degree (P.L. § 120.05(3)), assault in the third degree (P.L. § 120.00(1)), attempted assault in the third degree, (P.L. §§ 110/120.00(1)), resisting arrest (P.L. § 205.30), obstructing governmental administration in the second degree (P.L. § 195.05), menacing (P.L. § 120.15) and harassment in the second degree (P.L. § 240.26(1)).

24.   The charges against ANTHONY are still pending.

## IV.  FIRST CAUSE OF ACTION
### Pursuant to § 1983 (FALSE ARREST)

25.   Paragraphs 1 through 24 of this complaint are hereby realleged and incorporated by reference herein.

26.   That Defendants had neither valid evidence for Plaintiffs' arrest nor legal cause or excuse to seize and detain them.

27.   That in detaining Plaintiffs without a fair and reliable determination of probable cause, Defendant CITY abused its power and authority as a policymaker of the New York City Police Department under the color of State and/or local law. It is alleged that CITY, via their agents, servants and employees routinely charged persons with crimes they did not commit.  Plaintiffs were but two of those persons.

28.   Upon information and belief, it was the policy and/or custom of Defendant CITY to inadequately supervise and train its officers, staff, agents and employees, thereby failing

to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

29. As a result of the above described policies and customs, the officers, staff, agents and employees of Defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated. In addition, the City of New York had and has a policy, custom, and/or practice of detaining persons for an excessive period of time prior to arraignment.

30. The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the CITY to the constitutional rights of arrestees and were the cause of the violations of Plaintiffs' rights alleged herein.

31. By reason of Defendants acts and omissions, Defendant CITY, acting under color of state law and within the scope of its authority, in gross and wanton disregard of Plaintiffs' rights, subjected Plaintiff to an unlawful detention, in violation of the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

32. By reason of the foregoing, Plaintiffs suffered physical injuries, mental injuries, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

## V. SECOND CAUSE OF ACTION
Pursuant to §1983 (EXCESSIVE FORCE)

33. Paragraphs 1 through 32 are hereby realleged and incorporated by reference herein.

34.    That the incident that resulted from the intentional application of physical force by Defendants constituted a seizure. That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

35.    That Defendants had no legal cause or reason to use excessive force in effectuating Plaintiffs' arrests.

36.    That Defendants violated Plaintiffs' Fourth and Fourteenth Amendment right to be free from unreasonable seizures when they used excessive force against them.

37.    That at the time of the arrest or while in custody, Plaintiffs did not pose a threat to the safety of the arresting officers.

38.    That Plaintiffs were not actively resisting arrest or attempting to evade arrest.

39.    That defendant CITY, through its officers, agents, and employees, unlawfully subjected Plaintiffs to excessive force while effectuating their arrest.

40.    That Defendants actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

41.    That by reason of Defendants acts and omissions, acting under color of state law and within the scope of his authority, in gross and wanton disregard of Plaintiffs' rights, subjected Plaintiff to excessive force while effectuating their arrest, in violation of their rights pursuant to the Fourth and Fourteenth Amendments of the Untied States Constitution.

42.    That Defendants had the opportunity to intervene, and failed to do so, to prevent violations of Plaintiffs' civil rights, including but not limited to the right to be free from the application of excessive force.

43.    That upon information and belief, in 2010, Defendants and CITY had a policy or routine
       practice of using excessive force when effectuating arrests.

44.    That upon information and belief, it was the policy and/or custom of defendant CITY to
       inadequately train, supervise, discipline, and/or terminate their officers, staff, agents and
       employees, thereby failing to adequately discourage further constitutional violations on
       the part of their officers, staff, agents and employees.

45.    That as a result of the above described policies and customs, the officers, staff, agents and
       employees of defendant CITY, believed that their actions would not be properly
       monitored by supervisory officers and that misconduct would not be investigated or
       sanctioned, but would be tolerated.

46.    That the above described policies and customs demonstrate a deliberate indifference on
       the part of the policymakers of defendant CITY to the constitutional rights of arrestees
       and were the cause of the violations of Plaintiffs' rights alleged herein.

47.    By reason of the foregoing, Plaintiffs suffered physical injuries, mental injuries,
       emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation,
       and other psychological injuries.  All of said injuries may be permanent.

## VII. THIRD CAUSE OF ACTION
### Pursuant to § 1983 (MALICIOUS PROSECUTION)

49.    Paragraphs 1 through 48 are hereby realleged and incorporated by reference herein.

50.    That Defendants acting with malicious intent, arrested Plaintiffs and initiated a criminal
       proceeding despite the knowledge that they had committed no crime.

51.    That the criminal charge against CHANTEL was terminated in her favor.

52.    That there was no probable cause for the arrest and criminal proceeding.

8

53.   That by reason of Defendants' acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of Plaintiffs' rights, deprived Plaintiffs of their liberty when they maliciously prosecuted them and subjected them to an unlawful, illegal and excessive detention, in violation of their rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

54.   That upon information and belief, Defendants had a policy and /or custom of maliciously prosecuting individuals despite the lack of probable cause. Thus, as a result of the above described policies and customs, Plaintiffs were maliciously prosecuted despite the fact that he had committed no violation of the law.

55.   That upon information and belief it was the policy and /or custom of defendant CITY to inadequately hire, train, supervise, discipline and /or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents, and employees.

56.   That as a result of the above described policies and customs, defendant CITY, its staff, agents and employees of defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

57.   That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of defendant CITY to the constitutional rights of arrestees and were the cause of the violations of Plaintiffs' rights alleged herein.

58.   That in so acting, defendant CITY abused its power and authority as policymaker of the NYPD under the color of State and/or local law.

59.   That upon information and belief, in 2010, defendant CITY had a policy or routine practice of alleging facts against persons for the purpose of charging crimes they did not commit.

60.   That by reason of the foregoing, Plaintiffs suffered physical and psychological injuries, traumatic stress, post traumatic stress disorder, mental anguish, economic damages including attorneys fees, damage to reputation, shame, humiliation, and indignity.  All of said injuries may be permanent.

VIII.  FOURTH CAUSE OF ACTION
Pursuant to § 1983 (Denial of Fair Trial)

61.   Paragraphs 1 through 60 are hereby realleged and incorporated by reference herein.

62.   By fabricating evidence, defendants violated Plaintiffs' constitutional right to a fair trial.

63.   Defendants were aware or should have been aware of the falsity of the information used to prosecute Plaintiffs.

64.   As a result of the above constitutionally impermissible conduct, plaintiff was caused to suffer personal injuries, violation of civil rights, economic damages, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom and damage to his reputation and standing within his community.


**INJURY AND DAMAGES**

As a result of the acts and conduct complained of herein, Plaintiffs has suffered and will continue to suffer, physical pain, emotional pain, suffering, permanent disability, inconvenience, injury to his reputation, loss of enjoyment of life, loss of liberty and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

WHEREFORE, Plaintiffs respectfully requests that judgment be entered:

1.   Awarding Plaintiffs compensatory damages in a full and fair sum to be determined by a jury;

2.   Awarding Plaintiffs punitive damages in an amount to be determined by a jury;

3.   Awarding Plaintiffs interest from September 18, 2010 and

4.   Awarding Plaintiffs reasonable attorney's fees pursuant to 42 USC §1988; and

5.   Granting such other and further relief as to this Court deems proper.

DATED:       Brooklyn, New York
             March 9, 2012

                                      DAVID A. ZELMAN, ESQ.
                                      (DZ 8578)
                                      612 Eastern Parkway
                                      Brooklyn, New York 11225
                                      (718)604-3072

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

——————————————————————————X

ANTHONY MARSHALL and CHANTEL MARSHALL

                    Plaintiffs,

    -against-

THE CITY OF NEW YORK, POLICE OFFICER
TIMOTHY MARX, shield # 20771, POLICE
OFFICER JOHN MCGIVNEY, shield # 9877,
SERGEANT AMANJEET SANDHU, shield # 4523,
POLICE OFFICER MICHAEL GOLDEN, shield # 25502,
SERGEANT CHAVON PERKINS, shield # 3423,
POLICE OFFICERS JANE/JOHN DOE(S),

                    Defendants.

——————————————————————————X


## COMPLAINT


LAW OFFICE OF DAVID A. ZELMAN
ATTORNEY FOR PLAINTIFFS
612 Eastern Parkway
Brooklyn, NY 11225
Tel: 718-604-3072
Fax: 718-604-3074